[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: HEARING ON DAMAGES
This is an action instituted by the plaintiffs, Kymberly Dennis and Donald Dennis, seeking monetary compensation for injuries suffered allegedly as a result of the actions of the defendants Nu-Baron's Cafe and Nancy Colvin. The complaint alleges that Nu-Baron's Cafe sells alcoholic beverages and that Nancy Colvin is its owner, backer and permittee. The first count is brought under the Dram Shop Act, General Statutes § 30-102, and alleges that the defendants served alcoholic beverages to an intoxicated person, who as a consequence, caused an automobile accident injuring Ms. Dennis. In accordance with § 30-102, the plaintiffs provided notice to the defendants of their intention to sue under the provisions of the Dram Shop Act. In the third count, Ms. Dennis alleges that the defendants' actions constituted recklessness. In the second count, Mr. Dennis alleges loss of consortium based on violation of the Dram Shop Act; and in the fourth count, Mr. Dennis alleges loss of consortium based on the defendants' recklessness.[1]
Service of process was made on the defendants in April 1999 as evidenced by the sheriff s return of service. The plaintiffs motion to default the defendants for failure to plead was granted by the court on March 5, 2002, and the matter was scheduled for a hearing on damages. This hearing having been held before the undersigned, the court makes the following findings.
The evidence indicates that on or about April 5, 1998 the plaintiffs were pulled over to the side of the road because the vehicle they were traveling in ran out of gas. At that time, a Robyn McDaniels caused a motor vehicle she was operating to hit a gas container out of the hand of Donald Dennis. This gas container in turn hit Kymberly Dennis in the back. The impact of the container to Kimberly's body caused severe pain, anxiety and distress. She underwent an emergency laparotomy and splenectomy for a ruptured spleen for which she was hospitalized of six days. Her injuries also included internal bleeding and a fractured rib. The surgery has left a permanent, unsightly scar on her stomach. She was CT Page 515 pregnant at the time of the incident.
Based on the uncontroverted allegations of the complaint, Robyn McDaniels was intoxicated at the time of the incident, and prior to the incident, the defendants served her liquor while she was intoxicated. Furthermore, the actions of the defendants in serving the liquor to Robyn McDaniels constituted wanton and reckless conduct.
The court finds that the plaintiff, Kimberly Dennis, has proven by a preponderance of the evidence that she suffered economic and non-economic damages proximately caused by the incident. As to the first count, the court awards to Kimberly Dennis just damages of $20,000, the maximum allowed by law. As to the third count, the court awards to Kimberly Dennis $30,000 in economic damages (the court finding that this represents the reasonable value of the expenses for medical care for the injuries relating to this incident), and $75,000 in non-economic damages.
The court further finds that the plaintiff, Donald Dennis, has proven by a preponderance of the evidence that he suffered non-economic damages proximately caused by the incident. As to the second and fourth counts of the complaint, the court awards to Dennis Kimberly $10,000 in non-economic damages on his loss of consortium claims.
Therefore, judgment shall enter in favor of the plaintiff Kimberly Dennis and against the defendants Nu-Baron's Cafe and Nancy Colvin for $105,000, and in favor of Donald Dennis and against the defendants Nu-Baron's Cafe and Nancy Colvin for $10,000.
So ordered the 9th day of January 2002.
 ___________________ Stevens, J.